M. A. TRICE, GUARDIAN, ETC., v. MONROE MILLER.

(No. 5870.)

APPEAL from Travis County. Opinion by WHITE, P. J.

*(Transferred from Austin.)*

C. C. FERRELL, counsel for appellant.

SNEED, PENDEXTER & BURLESON, counsel for appellee.

§ **440.** *Common carrier; delivery of baggage by; rules as to; case stated.* Appellant, the mother and guardian of Beulah Trice, sued appellee in justice's court to recover $175.50, the value of a trunk and contents belonging to said Beulah, said trunk and contents having been lost after its delivery to appellee as a common carrier of baggage for hire. One McIlhenny, proprietor of the Driskill hotel at Austin, was afterwards made a party defendant in the suit. The trial in the justice's court resulted in a judgment for the appellant for the full amount claimed against appellee, and a judgment over in favor of Miller against McIlhenny for the same amount.

Miller alone appealed to the county court. In the county court the case was tried by the judge without a jury, and judgment was rendered in favor of appellant against McIlhenny for the full amount sued for, and in favor of appellee Miller against appellant for costs. In brief, the facts of the case as shown by the evidence are that Miss Beulah Trice left Waco, January 17, 1887, to visit Austin. Her trunk was duly checked over the railway to Austin. Appellee Miller was engaged at Austin in the business of transferring baggage for hire. On the 18th of January, 1887, just before the train on which Miss Beulah was a passenger reached Austin, appellee's agent boarded said train, who took Miss Beulah's check for her trunk, giving her in place thereof one of appellee's checks for the transfer of said trunk to her at the Driskill hotel in Austin. The trunk and its contents were never delivered to Miss Beulah, and she still holds appellee's check therefor. No question was made on the trial as to appellee's being a common carrier, nor as to the value of the trunk and its contents. Appellee's sole defense was that he had delivered the trunk at the Driskill hotel, of which hotel McIlhenny was the proprietor, and that if the same was lost it was lost after he had delivered it at said hotel, and that such delivery was the usual and customary manner of delivering baggage. *Held:* It is a general rule with regard to the delivery of goods by a common carrier, that "the delivery must be made to the right person, at a reasonable time, at the proper place, and in a proper manner." [Hutch. on Carriers, § 340; 2 App. C. C. § 513.] In this instance the proper and legal delivery of the goods would have been to Miss Beulah Trice in person, or to any party holding her transfer check for her. Custom and usage cannot limit the liability of a carrier. [2 App. C. C. §§ 32, 320; Railway Co. v. Adams, 49 Tex. 748.] Common carriers deliver property at their peril, and must take care that it is delivered to the right person; for if the delivery be to the wrong person, either by an innocent mistake or

through fraud of third persons, as upon a forged order, they will be responsible, and the wrongful delivery will be treated as a conversion. [Railway Co. v. Adams, 49 Tex. 748.] The judgment is reversed and rendered for appellant for the amount sued for, interest and costs.

February 2, 1889.          Reversed and rendered.